Lynn M. Allen, State Bar Number 012612
lallen@tysonmendes.com
Sitar Bhatt, State Bar Number 029622
sbhatt@tysonmendes.com
**TYSON & MENDES, LLP**
7910 East Thompson Peak Parkway, Suite 101
Scottsdale, Arizona 85255
Telephone: (480) 571-5031
Facsimile:  (480) 245-5424
*Attorneys for Defendant Dr. Heather de Soler, PLLC and Heather de Soler*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Austin Neeley, et al., | No. 2:19-CV-05899-PHX-DJH |
| Plaintiffs, | **DEFENDANT HEATHER DE SOLER'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| vs. | |
| State of Arizona, et al.,, | |
| Defendants. | |

Defendants Heather de Soler ("Dr. de Soler") and Heather de Soler PLLC (collectively "Defendants") answer plaintiffs' complaint as follows:

1.  Defendants are without sufficient knowledge or information to admit or deny the allegations set forth in paragraphs 1-2, 5-13, 16-23, 26-30, 33-70, 72-122, 125-126, 130, 132, 138, 147-148, 150-151, 153-168, 172-179, 183-189, 192-197, 199-207, 209-213, 216-226, 228-232, 235-242, 246-252, 255-257, 259-260, 262, 269-272, 279-288, 290-297, 300-304, 307-313, and 318-323 of the complaint and therefore deny the same.

2.  Defendants admit the allegations set forth in paragraphs 3, 129, 149, 243, 273 and 274 of the complaint.

**TYSON & MENDES, LLP**

3. Answering paragraph 14 of the complaint, Defendants admit Dr. de Soler acted as an agent of the State of Arizona in the context of this action but are without sufficient information to admit or deny the balance of the allegations and, therefore, deny the same.

4. Answering paragraph 15 of the complaint, Defendants admit Dr. de Soler acted as an agent of the State of Arizona in the context of this action but are without sufficient information to admit or deny the balance of the allegations and, therefore, deny the same.

5. Answering paragraph 24 of the complaint, Defendants admit Dr. de Soler resided in Maricopa County, Arizona, at all times relevant to the complaint, provided contract services for the State of Arizona through the DCS and was acting under the color of law as a DCS provider but are without sufficient information to admit or deny the balance of the allegations and, therefore, deny the same.

6. Answering paragraph 25 of the complaint, Defendants admit Dr. de Soler, PLLC is an Arizona professional limited liability company that was authorized to do, and did conduct business in the State of Arizona but are without sufficient information to admit or deny the balance of the allegations and, therefore, deny the same.

7. Answering paragraph 31 of the complaint, Defendants admit Dr. de Soler was an agent of the State of Arizona in providing contract services but are without sufficient information to admit or deny the balance of the allegations and, therefore, deny the same.

8. Answering paragraph 32 of the complaint, Defendants admit Dr. de Soler was acting under color of law in providing contract services but are without sufficient information to admit or deny the balance of the allegations and, therefore, deny the same.

**TYSON & MENDES, LLP**

9. Answering paragraphs 71, 170-171, 181-182, 191, 198, 208, 215, 234, 265, 273-274, 278, 299, 306, and 315-317 Defendants contend these paragraphs state legal conclusions which do not require a responsive pleading. To the extent that a response is required Defendants are without sufficient information to admit or deny the allegations and therefore, deny the same.

10. Answering paragraph 123 of the complaint, Defendants admit Stephanie Cooper replaced Ms. Ashmore as case manager and that Dr. de Soler quoted Ms. Cooper in noting that there was a "clear cut correlation" between V.S.R.'s psychiatric hospitalization and the decision to restrict visitation in July of 2018 but are without sufficient information to admit or deny the balance of the allegations and, therefore, deny the same.

11. Answering paragraph 124 of the complaint, Defendants admit Dr. de Soler was advised V.S.R. had an "intense fear that something bad happened to her mother and or her sisters" and was further advised ending therapeutic visitation intensified V.S.R.'s behaviors and contributed to the psychiatric hospitalization in August 2018 but are without sufficient information to admit or deny the balance or the allegations and, therefore, deny the same.

12. Answering paragraph 127 of the complaint, Defendants admit Dr. de Soler spoke with Ms. Ashmore on one occasion before providing contract services to V.S.R. and that the foster mother attended the first counseling session but defendants deny knowledge of a court order at that time which prohibited that contact and are without sufficient information to admit or deny the balance of the allegations and, therefore, deny the same.

13. Defendants deny the allegations set forth in paragraphs 128 and 131 of the complaint.

3

**Tyson & Mendes, LLP**

14. Answering paragraph 133 of the complaint, Defendants admit Dr. de Soler discussed removing herself as V.S.R.'s therapist because "progress had been close to obsolete and extremely slow" and that Dr. de Soler could not get V.S.R. to engage for any significant amount of time and that she seemed to do better with Ms. Dale present. They also admit that Ms. Cooper requested that Dr. de Soler continue as V.S.R.'s therapist despite the lack of progress and that she requested that Dr. de Soler request an extension of therapy but are without sufficient information to admit or deny the balance of the allegations and, therefore, deny the same.

15. Answering paragraph 134 of the complaint, Defendants admit Dr. de Soler decided on or about February 12, 2019 V.S.R. lacked the coping skills to be successful in family visitation but deny Dr. de Soler had not yet discussed Ms. Robinette with V.S.R. in therapy and are without sufficient information to admit or deny the balance of the allegations and, therefore, deny the same.

16. Answering paragraph 135 of the complaint, Defendants admit Dr. de Soler agreed to start therapeutic visitations between Ms. Robinette and V.S.R. within a month as long as V.S.R. began deescalating at school and was able to be calm and focused for at least 10 to 15 minutes and are without sufficient information to admit or deny the balance of the allegations and, therefore, deny the same.

17. Answering paragraph 136 of the complaint, Defendants admit Dr. de Soler revoked her agreement to initiate therapeutic visitation but are without sufficient information to admit or deny the balance of the allegations and, therefore, deny the same.

**TYSON & MENDES, LLP**

18. Answering paragraph 137 of the complaint, Defendants admit Dr. de Soler continued to counsel V.S.R. Defendants deny Dr. de Soler was not working on coping skills. Defendants also deny Dr. de Soler refused to discuss Ms. Robinette with V.S.R. and are without sufficient information to admit or deny the balance of the allegations and, therefore, deny the same.

19. Answering paragraphs 139 and 140 of the complaint, Defendants admit Dr. de Soler noted on February 15, 2019 that Ms. Cooper understood the emotional problems stemmed from not seeing her family and are without sufficient information to admit or deny the balance of the allegations and, therefore, deny the same.

20. Answering paragraph 141 of the complaint, Defendants admit Dr. Heather de Soler understood that V.S.R. was traumatized and continued to recommend no contact between V.S.R. and Ms. Robinette and are without sufficient information to admit or deny the balance of the allegations and, therefore, deny the same.

21. Answering paragraph 142 of the complaint, Defendants admit Dr. de Soler noted the "only realistic possibility for V.S.R. to exhibit no behavioral dysregulation or problems at placement would be that there are no rules or structure placed upon her at Ms. Dale's house" and are without sufficient information to admit or deny the balance of the allegations and, therefore, deny the same.

22. Answering paragraph 143 of the complaint, Defendants admit Dr. de Soler noted in January 2019 that placement in a residential treatment program was an option to consider and

**TYSON & MENDES, LLP**

are without sufficient information to admit or deny the balance of the allegations and, therefore, deny the same.

23. Answering paragraph 144 of the complaint, Defendants admit Dr. de Soler recommended family therapy in March of 2019 and are without sufficient information to admit or deny the balance of the allegations and, therefore, deny the same.

24. Answering paragraph 145 of the complaint Defendants admit Dr. de Soler determined V.S.R. was not ready to discuss Ms. Robinette based upon V.S.R.'s reaction when Ms. Robinette was mentioned and are without sufficient information to admit or deny the balance of the allegations and, therefore, deny the same.

25. Answering paragraph 146 of the complaint, Defendants admit Dr. de Soler wrote a letter to the court regarding V.S.R.'s feelings in respect to Ms. Dale and the environment and are without sufficient information to admit or deny the balance of the allegations and, therefore, deny the same.

26. Answering paragraph 152 of the complaint, Defendants admit the court ordered Dr. de Soler be removed from the case and ordered a therapist for V.S.R. if necessary and are without sufficient information to admit or deny the balance of the allegations and, therefore, deny the same.

27. Answering paragraphs 169, 180, 190, 214, 227, 233, 243, 253, 264, 268, 277, 289, 298, 305, and 314 of the complaint, Defendants contend these paragraphs state no facts and require no responsive pleading.

**TYSON & MENDES, LLP**

28. Answering paragraphs 254, 258, 261, 263, 244, 245, 266-267, and 275-276 of the complaint, the allegations set forth therein are denied as to these answering defendants.

29. Defendants deny each and every allegation not herein admitted above.

30. Defendants assert the following affirmative defenses on information and belief: Defendants' conduct complied with the applicable standard of care, failure to state a claim, assumption of the risk, comparative fault, failure to mitigate damages, and doctrine of contribution.

31. Defendants assert the defenses available under A.R.S. § 12-2601 and A.R.S. §§ 12-2501 to 12-2509 as they may apply herein.

32. Defendants hereby reserve their right to plead further affirmative defenses including, but not limited to, those affirmative defenses set forth in Rule 8(c) and Rule 12(b), Federal Rules of Civil Procedure, as may be justified by the facts determined during discovery.

33. Defendants demand a jury trial.

WHEREFORE, having fully answered the complaint Defendants request the following relief:

A. That the complaint be dismissed with prejudice;

B. That plaintiffs take nothing thereby;

C. The Defendants be awarded reasonable attorney's fees;

D. That Defendants be awarded taxable costs and disbursements; and

E. That Defendants be awarded such other and further relief deemed appropriate in this matter.

7

**TYSON & MENDES, LLP**

DATED this 2nd day of October, 2020.

                              TYSON & MENDES, LLP

                              By: */s/ Sitar Bhatt*
                                  Lynn M. Allen
                                  Sitar Bhatt
                                  *Attorneys for Defendant Dr. Heather*
                                  *DeSoler, PLLC and Heather de Soler*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Thomas A. Connelly
Robert T. Mills
Sean A. Woods
MILLS + WOODS LAW PPLC
5055 N. 12th St., Ste. 101
Phoenix, AZ 85014
tconnelly@millsandwoods.com
swoods@millsandwoods.com
rmills@millsandwoods.com
docket@millsandwoods.com
*Attorneys for Plaintiffs*

DeeAn Gillespie Strub
Kristina Reeves
GILLESPIRE, SHIELDS, GOLDFARB & TAYLOR
7319 N. 16th St.
Phoenix, AZ 85020
dgillespie@gillaw.com
kreeves@gillaw.com
mailroom@gillaw.com
*Attorneys for Plaintiffs*

**TYSON & MENDES, LLP**

Mark Brnovich
Attorney General
Michael G. Gaughan
Christopher Feasel
Assistant Attorneys General
2005 N. Central Ave.
Phoenix, AZ 85004
defensephx@azag.gov
michael.gaughan@azag.gov
christopher.feasel@azag.gov
*Attorneys for State Defendants*

William H. Doyle
Brian Hauser
THE DOYLE LAW FIRM
1313 E. Osborn Rd., Ste. 220
Phoenix, AZ 85014
wdoyle@doylelawgroup.com
bhauser@doylelawgroup.com
alg@doylelawgroup.com
*Attorneys for Defendants Andrea Thomas and Grossman & Grossman, LTD*

By: */s/ Christie Carstensen*