Daniel J. O'Connor, Jr., Bar No. 010081
Danny O'Connor, III,   Bar No. 034188
**O'CONNOR & DYET, P.C.**
7955 South Priest Drive
Tempe, Arizona   85284
daniel.oconnor@occlaw.com
danny.oconnor@occlaw.com
(602) 241-7000

Attorneys for Defendants Tracey Heinrick and Jeffrey Heinrick

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Austin Neeley, an individual; Brittany Robinette, an individual; V.S.R., a minor, through her parent and guardian Brittany Robinette; A.L.N., a minor, through her parents and guardians Austin Neeley and Brittany Robinette; A.R.N., a minor, through her parents and guardians Austin Neeley and Brittany Robinette,<br><br>              Plaintiffs,<br>   vs.<br><br>The State of Arizona, et. al.<br><br>              Defendants. | Case No.:  19-cv-05899-DJH<br><br>**DEFENDANTS TRACEY HEINRICK AND JEFFREY HEINRICK'S REPLY IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES**<br><br>(Assigned to the<br>Honorable Diane J. Humetewa) |

Defendants Tracey Heinrick and Jeffrey Heinrick ("Heinrick Defendants") respectfully submit their Reply in support of their Motion for Attorneys' Fees (Doc. 98).

**I.  Plaintiffs' claims were frivolous.**

In defending their conduct, Plaintiffs' Response (Doc. 104) merely repeats the allegations about "judicial deception," and continues to misrepresent federal jurisprudence on absolute immunity. Despite this unfounded insistence, Plaintiffs' claims were "frivolous, unreasonable, or without foundation" because absolute prosecutorial immunity is not "novel" and the ultimate result was "obvious." *See C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1245 (9th Cir. 2015). For at

least the past **44 years** the U.S. Supreme Court has clearly recognized that prosecutors are entitled to absolute immunity for actions taken in their official capacities. *See, e.g., Imbler v. Pachtman,* 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976). Consequently, Plaintiffs knew or should have known their claims against Defendant Heinrick, based on conduct performed in her official capacity, were frivolous, unreasonable, and without foundation. The facts and law were clear from the beginning.

There are also many examples of attorney's fees awarded to defendants after prevailing on similar immunity issues. *See e.g.  La Conner Associates LLC. v. Berg*, 73 Fed. Appx. 994, 998 (9th Cir. 2003) (defendants awarded attorney's fees after prevailing on legislative immunity); *Franceschi v. Schwartz*, 57 F.3d 828, 832 (9th Cir. 1995) (defendant awarded attorney's fees after prevailing on judicial immunity).

For these reasons, Heinrick Defendants are entitled to an award of attorney's fees.

**II. The fees claimed are reasonable.**

Plaintiffs are correct that the Court should apply the lodestar method – the number of hours reasonably expended multiplied by a reasonable hourly rate -- to determine what constitutes a reasonable attorney's fee. *See Bravo v. City of Santa Maria*, 810 F.3d 659, 665 (9th Cir. 2016). That is exactly what Heinrick Defendants provided in their Motion (Doc. 98).

There is **strong presumption** that the lodestar amount represents a reasonable fee, but the amount can then be **adjusted** pursuant to the *Kerr* factors – adopted in Local Rule 54.2(c)(3). *Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987), *citing generally Jordan v. Multnomah County*, 815 F.2d 1258, 1262–63 (9th Cir.1987). These factors were also

discussed in Defendants' Motion; some of the factor admittedly weigh in favor of adjustment downward, e.g. the novelty of the questions presented, while other factors weigh in favor of adjustment ***upward***, e.g. the excellent result achieved. *See also Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir.2001) (where attorney has obtained "excellent results" he should recover a "fully compensatory fee").

However, the Court need not conduct an extensive, unnecessary analysis of these factors because the attorney's fees in this case are unusually easy to calculate. *See Cf. Fox v. Vice*, 563 U.S. 826, 834, 131 S. Ct. 2205, 2214, 180 L. Ed. 2d 45 (2011). In *Fox*, the Supreme Court reviewed an award for attorney's under § 1988, and described the challenge as follows:

> These standards would be easy to apply if life were like the movies, but that is usually not the case. In Hollywood, litigation most often concludes with a dramatic verdict that leaves one party fully triumphant and the other utterly prostrate. The court in such a case would know exactly how to award fees (even if that anti-climactic scene is generally left on the cutting-room floor). But in the real world, litigation is more complex, involving multiple claims for relief that implicate a mix of legal theories and have different merits. Some claims succeed; others fail. Some charges are frivolous; others (even if not ultimately successful) have a reasonable basis. In short, litigation is messy, and courts must deal with this untidiness in awarding fees.
> *Id.* at 563 U.S. 826, 833–34.

By contrast, the issues here were not complicated by multiple parties and multiple defenses. The Court need not decide which parties prevailed on which claims; which claims were frivolous and which weren't; and which hours were spent defended which claims. Given that Heinrick Defendants' defense prevailed at the pleading stage, the Court need not decide what discovery was reasonable and necessary, and what wasn't. Indeed, Heinrick Defendants' attempt to stay discovery (Doc. 78) pending the outcome of the Court's ruling on absolute immunity was an effort to limit unnecessary attorney's fees and expenses, which

- 3 -

now redounds to Plaintiffs' benefit. In short, ***this is*** the unusual, tidy, "movie"-like case described in *Vice*. There are no complex issues to resolve the appropriate amount of attorney's fees. All of Heinrick Defendants' fees were reasonable and necessarily incurred, and they should be fully compensated for them.[1]

### III. Plaintiffs' remaining arguments are irrelevant.

Plaintiffs also argue that they should not be liable for attorney's fees based on financial hardship. Besides the fact that "a district court should not refuse to award attorney's fees to a prevailing defendant under 42 U.S.C. § 1988… solely on the ground of the plaintiff's financial situation," *Miller*, 827 F.2d 617 at 621 (citations omitted), Plaintiffs do not provide any evidence of their financial situation. Therefore, this argument should be disregarded.

Plaintiffs further argue an award of attorney's fees will deter future plaintiffs from "pursuing justice." This is not true; it would merely—and properly—deter them from filing frivolous and unreasonable claims. Conversely, it would be unreasonable and unfair to burden Heinrick Defendants with 8 months of attorney's fees, spent defending themselves in a case in which they were obviously entitled to absolute immunity.

Finally, Plaintiffs argue that attorney's fees are inappropriate given shifting public opinion on qualified immunity. This appears to be a desperate non-sequitur because Plaintiffs' allegations lack foundation, authority, and any apparent connection whatsoever to the present Motion.

---

[1] Plaintiffs also complain about the level of detail described in Defendants' Itemized Statement of Attorney's Fees. The level of detail speaks for itself, and their adequacy is properly left to the Court's discretion. Defendants note, however, that as attorneys for a State employee, their bills are subject to public information requests, and thus, many billing entries ***must*** be kept intentionally vague to protect confidential information, including information subject to attorney-client and work-product privileges. It would be unreasonable, and likely futile, for Defendants to supplement these descriptions months after the fact.

## IV. Conclusion

For these reasons, Heinrick Defendants respectfully request the Court grant their Motion for Attorney's fees (Doc. 98).

Dated this 23rd day of June 2021.

**O'CONNOR & DYET, P.C.**

By:/s/Daniel J. O'Connor, Jr.
Daniel J. O'Connor, Jr.
Danny O'Connor, III
Attorneys for Heinrick Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2021 I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, District of Arizona, using the CM/ECF System. A Notice of Electronic Filing will be served to the following registered participants:

DeeAn Strub
Kristina Reeves
Gillespie Shields Goldfarb & Taylor
7319 N. 16th St.
Phoenix, AZ 85020
*Attorneys for Plaintiffs*
dgillespie@gillaw.com
kreeves@gillaw.com

Robert Mills
Sean Woods
Thomas Connelly
Mills & Woods Law PLLC
5055 N. 12th St., Ste. 101
Phoenix, AZ 85014
*Attorneys for Plaintiffs*
rmills@millsandwoods.com
swoods@millsandwoods.com
tconnelly@millsandwoods.com

| | |
|---|---|
| 1 | |
| 2 | Christopher Feasel<br>Timothy Watson |
| 3 | Attorney General's Office<br>2005 North Central Avenue |
| 4 | Phoenix, Arizona 85004 |
| 5 | *Attorneys for State Defendants*<br>Michael.Gaughan@azag.gov |
| 6 | Christopher.feasel@azag.gov |
| 7 | |
| 8 | Brian Hauser<br>William Doyle |
| 9 | Doyle Firm PC<br>1313 E. Osborn Rd., Ste. 220 |
| 10 | Phoenix, AZ 85014<br>*Attorneys for Grossman and Grossman and Andrea Thomas* |
| 11 | bhauser@doylelawgroup.com |
| 12 | whdefilings@doylelawgroup.com |
| 13 | |
| 14 | Sitar Bhatt<br>James Brewer |
| 15 | Tyson & Mendes LLP<br>7910 E. Thompson Peak Pkwy., Ste. 101 |
| 16 | Scottsdale, AZ 85255 |
| 17 | *Attorneys for Heather De Soler and Dr. Heather De Soler PLLC*<br>sbhatt@tysonmendes.com |
| 18 | jbrewer@tysonmendes.com |
| 19 | |
| 20 | /s/Karen Larson |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |