**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Austin Neeley, et al., | No. CV-19-05899-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Pending before the Court is Defendants Tracey and Jeffrey Heinrick's ("Heinrick Defendants" or "Defendants") Motion for Attorney's Fees and Costs (Doc. 98). Plaintiffs have filed a Response in opposition (Doc. 104), and Defendants filed a Reply (Doc. 108).

**I.    Background**

This case stems from the removal of Plaintiffs' children, VSR, ALN, and ARN, from their home by Arizona Department of Child Safety ("DCS") employees, and subsequent juvenile protection proceedings initiated by DCS. (Doc. 47). Plaintiffs' First Amended Complaint ("FAC") alleges 15 claims against various defendants, including DCS and several of its employees, the State of Arizona, an attorney from the Arizona Attorney General's Office, and spouses of several Defendants. (*Id.*)

As alleged in the FAC, Defendant Tracey Heinrick ("Heinrick") was at all relevant times acting as an assistant attorney general of the State of Arizona; Plaintiffs nevertheless named her "in her individual capacity." (Doc. 47 at ¶ 27). In the dependency proceedings involving Plaintiffs' children, Heinrick acted as counsel for DCS, prosecuting the actions

in Gila and Pinal County Juvenile Courts. (Doc. 76 at 2). In that capacity, she prepared court documents and appeared in court on behalf of DCS. (*Id.*) Plaintiffs allege that Heinrick, individually or in conspiracy with the other State Defendants, presented false statements to the court during the juvenile dependency proceedings and refused to present potentially exculpatory evidence. (Doc. 47 at ¶¶ 293–94; 310-11; 321–22). Plaintiffs also allege that Heinrick and other Defendants represented to the court that "Plaintiffs Neeley and Robinette were under police investigation for child abuse long after the Apache Junction Police Department had closed its investigation and 'cleared' the parents of criminal suspicion without referring any criminal charges of child abuse against them." (*Id.* at ¶¶ 310–11).

Plaintiffs brought three claims against Heinrick: (1) violation of due process right to be free from deception in the presentation of evidence to a juvenile court (Count 12); (2) civil conspiracy (Count 14); and (3) civil conspiracy to violate Plaintiffs' Civil Rights (Count 15). On May 19, 2021, this Court granted Heinrick's Motion to Dismiss, found Heinrick was entitled to absolute immunity, and dismissed her from this action. (Doc. 94 at 7). On June 2, 2021, Defendants requested an award of their reasonable attorney's fees. (Doc. 98).

**II.     Attorney Fee Award**

A party seeking an award of attorney's fees must show it is eligible and entitled to an award, and that the amount sought is reasonable. LRCiv 54.2(c).

   *a. Eligibility*

Because Plaintiffs' claims against Heinrick were based on violations of 42 U.S.C. § 1983, this Court may grant the prevailing party its reasonable attorney's fees. (Doc. 98). *See* 42 U.S.C. § 1988(b) (stating in any action to enforce sections of 1983, "the court, in its discretion, may allow the prevailing party" a reasonable attorney's fee).

The Court granted Heinrick's Motion to Dismiss on immunity grounds and therefore finds Heinrick prevailed on all of Plaintiffs' claims against them and is eligible for an award of reasonable attorney's fees. (Doc. 94).

### b. *Entitlement*

A prevailing defendant should only be awarded attorney's fees when the action is found to be "frivolous, unreasonable, or groundless." *Harris v. Maricopa County Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011) (citations omitted). An action is considered frivolous when "the result is obvious or the . . . arguments of error are wholly without merit." *C.W. v. Capistrano Unified Sch. Dist.*, 784 F.3d 1237, 1245 (9th Cir. 2015) (citations omitted). In addition, "when there is very little case law on point and a claim raises a novel question, the claim is much less likely to be considered frivolous." *Id.*

Plaintiffs argue Defendants are not entitled to an award of attorneys' fees because the Court's previous order did not refer to Plaintiffs' claims against Heinrick as "frivolous, unreasonable, or without foundation." (Doc. 94). Plaintiffs further assert if the Court were to grant Heinrick's Motion, it would deter other low-income plaintiffs from pursuing justice for fear of being required to pay attorneys' fees to the party who wronged them in the first instance. (Doc. 104 at 3). Finally, Plaintiffs argue an award of attorneys' fees in this matter subverts Congress' policy of promoting vigorous prosecution of civil rights violations. (*Id.*) Therefore, Plaintiff asserts, Heinrick is not entitled to an award of attorneys' fees. (*Id.*)

Defendants argue absolute prosecutorial immunity is not a novel legal issue, and the result in this case was obvious. (Doc 98 at 3). They further contend Plaintiffs' untimely Response did not contain any coherent, good faith arguments as to why absolute immunity did not apply to Heinrick in this case. (*Id.* at 4). They argue if Plaintiffs had reasonably considered the federal jurisprudence on absolute immunity for prosecutors, Plaintiffs never would have named Defendants in this lawsuit, or should have at least agreed to voluntarily dismiss Defendants after reviewing the relevant case law. (*Id.*) Instead, Defendants assert they were forced to defend themselves against Plaintiffs' "frivolous, unreasonable, and groundless" claims, incurring attorney's fees for eight months. (*Id.*)

The Court finds Plaintiffs' claims were frivolous because absolute prosecutorial immunity is not "novel" and the ultimate result was "obvious." *See C.W.*, 784 F.3d at 1245.

The Supreme Court has long recognized that prosecutors are entitled to absolute immunity for actions taken in their official capacities for the past 44 years. *See e.g.*, *Imbler v. Pachtman,* 424 U.S. 409, 409 (1976) (holding that a "prosecuting attorney who . . . acted within the scope of his duties in initiating and pursuing a criminal prosecution . . . is absolutely immune from a civil suit for damages under § 1983 for alleged deprivations of the accused's constitutional rights"). Plaintiffs raise no allegations related to Heinrick's alleged misconduct outside of, or in addition to, her role as a prosecutor. (Doc. 94 at 6). Thus, this is not a situation where little case law exists or where a claim raises a novel question. The result here is obvious—when Plaintiffs raised claims based on conduct performed in Defendants' official capacity, Plaintiffs should have known absolute prosecutorial immunity bars those claims.

Moreover, courts have awarded attorney's fees to defendants after prevailing on similar immunity issues. *See e.g.*, *La Conner Associates LLC. v. Berg*, 73 F. App'x. 994, 998 (9th Cir. 2003) (defendants awarded attorney's fees after prevailing on legislative immunity); *Franceschi v. Schwartz*, 57 F.3d 828, 832 (9th Cir. 1995) (defendant awarded attorney's fees after prevailing on judicial immunity).

The Court further rejects Plaintiffs' argument that an award of attorney's fees subverts Congress' policy of promoting prosecution of civil rights violations. Where the law is clear, as it is here, Plaintiffs and the attorney who wish to prosecute such civil rights violations should have a clear understanding of the legal boundaries and limitations. The Court also notes the fees here involve a statutory award, and thus Congress has clearly contemplated such awards to prevailing parties. Finally, the Court will reject Plaintiffs' claims about financial hardship because "a district court should not refuse to award attorney's fees to a prevailing defendant under 42 U.S.C. § 1988 . . . solely on the ground of the plaintiff's financial situation." *Miller v. Los Angeles Cnty. Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987).

The Court therefore finds Heinrick is entitled to an award of attorney's fees.

/ / /

### c. *Reasonableness*

The Court will use the lodestar method to assess Defendants' proposed attorneys fee award because this is a statutory award. *See Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). In doing so, the court will take a reasonable hourly rate and multiply it by the number of hours reasonably expended on the litigation. *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433). To determine whether an award is reasonable, courts assess the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976); *see also* LRCiv 54.2(c)(3). Once this initial lodestar figure is calculated, courts may then adjust the result by considering "other factors." *Blanchard*, 489 U.S. at 94.

Defendants request a total award for fees and costs of $37,586.50. (Doc. 98 at 4). Defendants' Motion, however, fails to discuss all the relevant *Kerr* factors. Specifically, Defendants did not discuss: the skill requisite to perform the legal service, preclusion of other employment, fixed or contingent fee, time limitations imposed by client or circumstances, undesirability of the case, nature and length of the professional relationship with the client, awards in similar actions. Defendants have the burden to establish reasonableness. *Hensley*, 489 U.S. at 433. Their failure to discuss all the relevant factors weighs against awarding the full amount.

### 1. Time and Labor Required

Defendants represent this case required 199.3 hours of their time. (Doc. 98 at 4). Plaintiffs argue an award of nearly $38,000 is unreasonable for Defendants who simply prepared a motion to dismiss. (Doc. 104 at 4). Plaintiffs further argue the time spent is

excessive because, as Defendants admit, "[a]bsolute prosecutorial immunity is not a novel legal issue." (Doc. 98 at 3). The Court agrees with Plaintiffs' contentions and will weigh this factor against the reasonableness of Defendants' claimed fees.

### 2. Novelty and Difficulty of the Questions Presented

As noted, Defendants admit that "[a]bsolute prosecutorial immunity is not a novel legal issue." (Doc. 98 at 3). This case also never went past the pleading stage. Given the simplicity of this matter, the Court finds this factor weighs against the reasonableness of Defendants' claimed fees.

### 3. Customary Fee

Defendants charged a fixed rate of $215 per hour for senior counsel; $205 per hour for associate counsel; and $145 per hour for paralegals. (Doc 98-4 at ¶ 6). Defendants argue the amount of time required and fees charged to obtain this result was reasonable and customary for similar civil rights cases in federal court. (Doc. 98 at 4). Defendants provide no cases to support their contention apart from an affidavit by moving counsel that attests to Defendants' reasonable fees. In the affidavit, Defendants' Counsel states, "[t]he rates stated above are reasonable for legal services provided in the State of Arizona and for attorneys of like age and experience in the State of Arizona." (Doc 98-4 at ¶ 7). Apart from this self-serving affidavit, Defendants' Counsel provides no authority to support this claim. Because Defendants failed to provide analogous cases, the Court finds this factor weighs against the reasonableness of Defendants' claimed fees.

### 4. Amount Involved and Results Obtained

Defendants argue the result achieved weighs in favor of an upward adjustment. (Doc. 108 at 3). To support this contention, Defendants cite *Sorenson v. Mink*, where the court found an attorney who has obtained "excellent results" should recover a "fully compensatory fee." 239 F.3d 1140, 1147 (9th Cir. 2001). *Sorenson*, however, is easily distinguishable. There, the district court reasoned plaintiffs achieved an "excellent result" after "eight years of sustained legal effort . . . to bring about a common good, namely the improvement of the disability determination system in Oregon." *Id.* The case here lasted

a mere eight months, and a Motion to Dismiss based on absolute prosecutorial immunity, albeit successful, is not comparable to the result accomplished in *Sorenson*. (Doc. 98 at 4). At best, the Court finds this factor neutral.

### 5. Experience, Reputation, and Ability of the Attorneys

Defendants Counsel represents he is an experienced attorney who has been practicing law for 36 years and has experience in torts, personal injury, premises liability, insurance coverage, commercial litigation, products liability, governmental liability, and civil rights litigation. (Doc. 98-4 at ¶ 3). This factor weighs in favor of Defendants.

### 6. Awards in Similar Cases

Defendants incurred 199.3 hours of billable time defending themselves over the course of eight months. (Doc. 98 at 4). The fees contracted between Defendants and their attorneys were based on a fixed rate: $215 per hour for senior counsel; $205 per hour for associate counsel; and $145 per hour for paralegals. (*Id.*) The total amount of fees incurred was $37,586.50. As noted, Defendants reference no cases from the District for awards in similar actions. Defendants simply assert the rates "are reasonable for legal services provided in the State of Arizona and for attorneys of like age and experience in the State of Arizona." (Doc 98-4 at ¶ 7).

Plaintiffs highlight that several entries in Defendants' Itemized Statement are block billed and that this calculation of reasonable hours complicates the time expended. (Doc. 104 at 4). Plaintiffs further assert several entries in the Itemized Statement do not comply with the requirements of the Local Rules of Civil Procedure. Plaintiffs take issue with both Defendants' telephone calls and preparation of documents. *See* LR 54.2(e)(2)(A); LR 54.2(e)(2)(C).

The Local Rules require the responding party to "separately identify each and every disputed time entry or expense item." LR 54.2(f). Plaintiffs did so in Exhibit A. (Doc. 104 at 10–17). Plaintiffs now ask the Court to strike all time entries that do not comply with the Local Rules of Civil Procedure and reduce the award accordingly. In reply, Defendants merely note that "as attorneys for a State employee, their bills are subject to public

1  information requests, and thus, many billing entries must be kept intentionally vague to
2  protect confidential information, including information subject to attorney-client and work-
3  product privileges." (Doc. 108 at 4).  They claim, "it would be unreasonable, and likely
4  futile, for Defendants to supplement these descriptions months after the fact." (*Id.*)  While
5  the Court recognizes the Defendants' need to keep their billing entries vague to protect
6  confidential information, the Court finds this excuse unacceptable for the generalized
7  billing entries at issue here.  *See* LR 54.2(e)(2)(A)–(C).

8       Overall, the Court finds that a reasonable rate for Defendants' counsel is $215 per
9  hour for senior counsel; $205 per hour for associate counsel; and $145 per hour for
10  paralegals.  However, the Court finds the 199.3 hours spent are not reasonable, particularly
11  because this case was dismissed at the pleadings stage.  After reviewing the disputed hours,
12  and confirming Defendants' noncompliance with the Local Rules, coupled with a tenuous
13  suggestion that their billing entries must be kept vague, the Court will subtract the 78.9
14  disputed hours from the hours expended and therefore award Defendants attorney fees of
15  $22,870.50.  No further adjustment is necessary.

16       Accordingly,

17       **IT IS HEREBY ORDERED** that Defendants' Motion for Attorney's Fees and
18  Costs (Doc. 98) is **GRANTED** in part under 42 U.S.C. § 1988(b).  The Court approves an
19  attorney's fees and costs award in the amount of $22,870.50, for which Plaintiffs are liable.
20       Dated this 26th day of October, 2021.

Honorable Diane J. Humetewa
United States District Judge