**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Austin Neeley, et al., | No. CV-19-05899-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Pending before the Court is Defendants Andrea Thomas and Grossman & Grossman, Ltd.'s Motion for Summary Judgment against all Plaintiffs or, in the alternative, Partial Summary Judgment against Plaintiff Austin Neeley on Counts Three through Fifteen regarding V.S.R. (Doc. 162). Plaintiffs filed a Response in Opposition. (Doc. 252), and Defendants filed a Reply. (Doc. 254). Also pending is Defendant Heather De Soler's Motion for Summary Judgement, which is not fully briefed. (Doc. 262).

In their Reply, Defendants point out that of the remaining five claims, only Count XV—conspiracy in violation of 42 U.S.C. § 1985—presents a federal question. (Doc. 105 at 67–69). Defendants argue that Count XV fails to state a claim upon which relief can be granted, and that the Court should grant summary judgment on Count XV and remand the remaining state law claims to the Arizona Superior Court. (Doc. 254 at 2).

On June 21, 2022, the Court ordered Plaintiffs to file a Sur-Reply to address, in part, the argument raised in Defendants' Reply that Plaintiffs have put forth no facts to show causation or a conspiracy to violate Plaintiffs' civil rights as required to support their claim

for conspiracy in violation of 42 U.S.C. § 1985.  (Doc. 264 at 1–2).  On July 5, 2022, Plaintiffs requested "a 45-day extension of time to conduct Ms. Ashmore's deposition and file their Sur-Reply."  (Doc. 267 at 3).  In the alternative, Plaintiffs requested a 15-day extension of time to file the Sur-Reply because of staff turnover and counsel's failure to properly calendar the filing date.  (*Id.*)  The Court denied the Motion as to Plaintiffs' request for a 45-day extension of time to take Ms. Ashmore's deposition and granted the Motion as to Plaintiffs' request for a 15-day extension of time.  (Doc. 268).  The Court allowed Plaintiffs' up to and including July 21, 2022, to file a Sur-Reply.  (*Id.*)  To date, no Sur-Reply has been filed, and the time in which to do so has passed.

I. **Background**

This case stems from the removal of Plaintiffs V.S.R., A.L.N., and A.R.N. from their home by Arizona Department of Child Safety ("DCS") employees and the subsequent juvenile protection proceedings.  (Doc. 105 at ¶ 38).

On March 9, 2022, Plaintiffs and State Defendants State of Arizona, Barbara Bennett, Laura McGlynn, Shelley Ashmore, Phyllis Mitchum, Stephanie Cooper, Jeannine Janowitz, Gregory McKay, and each of their respective spouses, and Delorea Blackburn and Rose Blackburn, a married couple, reached a settlement of the claims against State Defendants.  (Doc. 248).  The settlement required approval of the Arizona Joint Legislative Committee ("JLBC") before it could be considered final.  (*Id.*)  In May, the JLBC approved the settlement, but it must still be approved by a probate court.  (Doc. 256 at 2).

Plaintiffs did not, however, reach a settlement with Defendants Grossman & Grossman, Ltd., Andrea Thomas, Dr. Heather de Soler, PLLC, or Heather de Soler.  Defendants Andrea Thomas and Grossman & Grossman, Ltd. now move for summary judgment against all plaintiffs on all claims.  (Doc. 162 at 1).  Of the five remaining Counts, Defendants contend only Count XV, Conspiracy in violation of 42 U.S.C. § 1985(3), presents a federal question.  (Doc. 254 at 2). Because the Second Amended Complaint ("SAC") contains no factual allegations to support this Count, Defendants argue the Court should grant summary judgment on Count XV and remand the remaining state law claims

to the Arizona Superior Court. (*Id.* at 2).

## II. Legal Standard

A court will grant summary judgment if the movant shows there is no genuine dispute of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A factual dispute is genuine when a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Here, a court does not weigh evidence to discern the truth of the matter; it only determines whether there is a genuine issue for trial. *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1131 (9th Cir. 1994). A fact is material when identified as such by substantive law. *Anderson*, 477 U.S. at 248. Only facts that might affect the outcome of a suit under the governing law can preclude an entry of summary judgment. *Id.*

The moving party bears the initial burden of identifying portions of the record, including pleadings, depositions, answers to interrogatories, admissions, and affidavits, that show there is no genuine factual dispute. *Celotex*, 477 U.S. at 323. Once shown, the burden shifts to the non-moving party, which must sufficiently establish the existence of a genuine dispute as to any material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986). The evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. But if the non-movant identifies "evidence [that] is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted). "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).

## III. Discussion

To establish a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must prove: (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person of equal protection of the law, or of equal privileges and immunities under the law, (3) an

act in furtherance of the conspiracy, and (4) that the plaintiff was injured in his person or property, or that the plaintiff was deprived of any right or privilege of a citizen of the United States. *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). For the second element, a plaintiff must prove that the deprivation of a protected right was motivated by some racial, or otherwise class-based, invidious discriminatory animus. *Id.* Section 1985(3) is extended beyond race "only when the class in question can show that there has been a governmental determination that its members 'require and warrant special federal assistance in protecting their civil rights.'" *Id.* (citations omitted). The Ninth Circuit has stated that Section 1985(3) "is not to be construed as a general federal tort law." *Id.*

First, Plaintiffs have failed to allege in their SAC that they are members of such a class. (Doc. 105 at ¶¶ 313–318). Plaintiffs equally fail to present sufficient factual allegations to prove the remaining elements of the claim. Plaintiffs claim that Ms. Thomas conspired with the Blackburns' to change V.S.R.'s "placement plan from reunification to severance and adoption," including an agreement on "a plan to inculcate in V.S.R. negative and false facts and narratives regarding her mother and Defendant Neeley." (Doc. 105 at ¶ 317). Plaintiffs allege that Ms. Thomas allowed the Blackburns to participate in therapeutic counseling of V.S.R. in their foster home "in furtherance of their agreement to facilitate a change in placement objectives from family reunification to severance and adoption." (*Id.* at ¶ 318). Beyond these allegations, Plaintiffs have not cited to any evidence that indicates such an agreement existed. *See United States v. Jimenez Recio*, 537 U.S. 270, 271 (2003) (the essence of a conspiracy is an agreement to commit an unlawful act); *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 626 (9th Cir. 1988) ("[a] mere allegation of conspiracy without factual specificity is insufficient" to establish a claim under Section 1985(3)).

Plaintiffs raise four additional allegations under Count XV, but none of those allegations relate to Ms. Thomas. (Doc. 105 at ¶ 319, 320, 321, 322). Although Plaintiffs SAC may contain legal conclusions, none of these allegations suggest Plaintiffs were discriminated against based on race or some other protected class. Nor do Plaintiffs

provide any evidence that an agreement existed between Ms. Thomas and the Blackburns to commit an unlawful act by depriving Plaintiffs of a reunification plan with their children. The Court therefore concludes that Plaintiff has not presented sufficient evidence for a reasonable jury to find a conspiracy as alleged. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see also Celotex Corp.*, 477 U.S. at 322–23 (holding that summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial"). Accordingly, Defendants are entitled to summary judgment as to Count XV.

### IV.     State Law Claims

The SAC contains no other federal causes of action; the remaining claims are state law causes of action, including intentional infliction of emotional distress; medical malpractice; negligent hiring, training, supervision, and retention; and civil conspiracy under Arizona law. (Doc. 105). These state law causes of action fall under the Court's supplemental jurisdiction, which courts normally decline to exercise when the federal claims are dismissed before trial. 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). Here, the Court will decline to exercise jurisdiction over the remaining state law claims, and it will dismiss the entire SAC. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) ("When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over state law claims and dismiss them without prejudice."); *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985) ("Generally, dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Andrea Thomas and Grossman & Grossman, LTD Motion for Summary Judgment (Doc. 162) is **granted** as to Count XV, and the Clerk of Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Plaintiffs' remaining state law claims (Count VIII, Count IX, Count X, Count XIV) are **remanded** to the Maricopa County Superior Court.

**IT IS FURTHER ORDERED** that Defendants Heather de Soler and Dr. Heather de Soler, PLLC's Motion for Summary Judgment (Doc. 262) is **denied as moot**.

**IT IS FINALLY ORDERED** that this action is hereby terminated.

Dated this 26th day of July, 2022.

Honorable Diane J. Humetewa
United States District Judge