**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Austin Neeley, et al., | No. CV-19-05899-PHX-DJH |
| Plaintiffs, | **AMENDED ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

This Order amends and replaces the Court's July 26, 2022, Order (Doc. 271).

Pending before the Court is a Motion for Summary Judgment against all Plaintiffs or, in the alternative, Partial Summary Judgment against Plaintiff Austin Neeley on Counts Three through Fifteen regarding V.S.R., filed by Defendants Andrea Thomas and Grossman & Grossman, Ltd. ("Defendants") (Doc. 162). Plaintiffs filed a Response in Opposition (Doc. 252), and Defendants filed a Reply. (Doc. 254). Also pending is Defendant Heather De Soler's Motion for Summary Judgement, which is not fully briefed. (Doc. 262).

In their Motion, Defendants argue that Ms. Thomas and Grossman & Grossman, Ltd. are entitled to absolute immunity from any Section 1983 and 1985 claim because they provided an essential service to the State of Arizona during V.S.R.'s dependency proceedings. (Doc. 162 at 5). Defendants also argue they did not cause Plaintiffs' alleged deprivation of constitutional rights. (*Id.* at 7). In Response, Plaintiffs state they are bringing five claims against Defendants: one state claim against Grossman & Grossman,

Ltd., Count X for negligent hiring, training, supervision, and retention; and four claims against Ms. Thomas, Count VIII for negligent infliction of emotional distress; Count IX for malpractice; Count XIV for civil conspiracy; and Count XV for civil conspiracy to violate Plaintiffs' civil rights under 42 U.S.C. § 1985.[1]  (Doc. 252 at 2).  Plaintiffs argue Defendants are not shielded by absolute immunity because the state immunity statute, A.R.S. § 8-805, does not control Section 1983 claims.  (*Id.* at 10).

In their Reply, Defendants point out, for the first time, that of the remaining five claims, only Count XV—conspiracy in violation of 42 U.S.C. § 1985—presents a federal question. (Doc. 105 at 67–69).  Defendants argue that Count XV fails to state a claim upon which relief can be granted, and that the Court should grant summary judgment on Count XV. (Doc. 254 at 2).  Defendants further contend that because Count XV is the only federal cause of action, the Court should decline to exercise its supplemental jurisdiction over the remaining state law claims and remand them to the Arizona Superior Court where this action was initiated. (*Id.*)

On June 21, 2022, the Court ordered Plaintiffs to file a Sur-Reply to address, in part, the argument raised in Defendants' Reply that Plaintiffs have put forth no facts to show causation or a conspiracy to violate Plaintiffs' civil rights as required to support their claim for conspiracy in violation of 42 U.S.C. § 1985.  (Doc. 264 at 1–2).  On July 5, 2022, Plaintiffs requested "a 45-day extension of time to conduct Ms. Ashmore's deposition and file their Sur-Reply."  (Doc. 267 at 3).  In the alternative, Plaintiffs requested a 15-day extension of time to file the Sur-Reply because of staff turnover and counsel's failure to properly calendar the filing date. (*Id.*)  The Court denied the Motion as to Plaintiffs' request for a 45-day extension of time to take Ms. Ashmore's deposition and granted the Motion as to Plaintiffs' request for a 15-day extension of time. (Doc. 268). The Court allowed Plaintiffs up to and including July 21, 2022, to file a Sur-Reply. (*Id.*) To date, no Sur-Reply has been filed, and the time in which to do so has passed.

---

[1] In their Response, Plaintiffs' state "there are two claims (Counts XIV and XV) against Defendants which arise under 42 U.S.C. § 1983." (Doc. 252 at 10). However, as pled in the SAC, Count XIV is a civil conspiracy claim under Arizona law, not a federal claim. (Doc. 105 at 65).

- 2 -

The Court finds Defendants' argument meritorious as to Count XV. Because a grant of judgment in favor of Defendants on Count XV raises questions as to this Court's jurisdiction to adjudicate the remaining state law claims, this Order will address that issue below.

**I.  Background**

This case stems from the removal of Plaintiffs V.S.R., A.L.N., and A.R.N. from their home by Arizona Department of Child Safety ("DCS") employees and the subsequent juvenile protection proceedings. (Doc. 105 at ¶ 38).

On March 9, 2022, Plaintiffs and State Defendants State of Arizona, Barbara Bennett, Laura McGlynn, Shelley Ashmore, Phyllis Mitchum, Stephanie Cooper, Jeannine Janowitz, Gregory McKay, and each of their respective spouses, and Delorea Blackburn and Rose Blackburn, a married couple (the "settling parties"), reached a settlement of the claims against State Defendants. (Doc. 248). The settlement required approval of the Arizona Joint Legislative Committee ("JLBC") and a probate court before it could be considered final. (*Id.*) In May, the JLBC approved the settlement; a probate court is scheduled to review the settlement on July 28, 2022. (Doc. 256 at 2).

Plaintiffs did not, however, reach a settlement with Defendants Grossman & Grossman, Ltd., Andrea Thomas, Dr. Heather de Soler, PLLC, or Heather de Soler. Defendants Andrea Thomas and Grossman & Grossman, Ltd. now move for summary judgment against all plaintiffs on the claims remaining against them. (Doc. 162 at 1). Of the five claims against them, Defendants contend only Count XV, Conspiracy in violation of 42 U.S.C. § 1985(3), presents a federal question. (Doc. 254 at 2). Because the Second Amended Complaint ("SAC") contains no factual allegations to support this Count and Defendants contend that no supporting facts have been revealed in discovery, Defendants argue the Court should grant summary judgment on Count XV and remand the remaining state law claims to the Arizona Superior Court. (*Id.* at 2).

**II.  Legal Standard on Summary Judgment**

A court will grant summary judgment if the movant shows there is no genuine

- 3 -

dispute of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A factual dispute is genuine when a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Here, a court does not weigh evidence to discern the truth of the matter; it only determines whether there is a genuine issue for trial. *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1131 (9th Cir. 1994). A fact is material when identified as such by substantive law. *Anderson*, 477 U.S. at 248. Only facts that might affect the outcome of a suit under the governing law can preclude an entry of summary judgment. *Id.*

The moving party bears the initial burden of identifying portions of the record, including pleadings, depositions, answers to interrogatories, admissions, and affidavits, that show there is no genuine factual dispute. *Celotex*, 477 U.S. at 323. Once shown, the burden shifts to the non-moving party, which must sufficiently establish the existence of a genuine dispute as to any material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986). The evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. But if the non-movant identifies "evidence [that] is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted). "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).

**III.   Plaintiffs' Section 1985 Claim**

Although Defendants seek summary judgment on the claims brought against them, their argument in relation to their Section 1985 claim focuses only on the insufficiency of these allegations. (Doc. 254 at 2–8). The Court has asked Plaintiffs to respond to this argument and even given them additional time to file a Sur-Reply. (Doc. 268). As noted, Plaintiffs have not filed a Sur-Reply.

To establish a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must prove:

(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person of equal protection of the law, or of equal privileges and immunities under the law, (3) an act in furtherance of the conspiracy, and (4) that the plaintiff was injured in his person or property, or that the plaintiff was deprived of any right or privilege of a citizen of the United States. *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). For the second element, a plaintiff must prove that the deprivation of a protected right was motivated by some racial, or otherwise class-based, invidious discriminatory animus. *Id.* Section 1985(3) is extended beyond race "only when the class in question can show that there has been a governmental determination that its members 'require and warrant special federal assistance in protecting their civil rights.'" *Id.* (citations omitted). The Ninth Circuit has stated that Section 1985(3) "is not to be construed as a general federal tort law." *Id.*

As Defendants note, Plaintiffs have failed to allege in their SAC that they are members of "a class warranting special federal assistance in protecting their civil rights." (Doc. 105 at ¶¶ 313–18). Plaintiffs equally fail to present sufficient factual allegations to prove the remaining elements of the claim. Plaintiffs claim that Ms. Thomas conspired with the Blackburns' to change V.S.R.'s "placement plan from reunification to severance and adoption," including an agreement on "a plan to inculcate in V.S.R. negative and false facts and narratives regarding her mother and Defendant Neeley." (Doc. 105 at ¶ 317). Plaintiffs allege that Ms. Thomas allowed the Blackburns to participate in therapeutic counseling of V.S.R. in their foster home "in furtherance of their agreement to facilitate a change in placement objectives from family reunification to severance and adoption." (*Id.* at ¶ 318). Beyond these allegations, Plaintiffs have not cited to any evidence that indicates such an agreement existed. *See United States v. Jimenez Recio*, 537 U.S. 270, 271 (2003) (the essence of a conspiracy is an agreement to commit an unlawful act); *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 626 (9th Cir. 1988) ("[a] mere allegation of conspiracy without factual specificity is insufficient" to establish a claim under Section 1985(3)). Though Plaintiffs have been given the opportunity to substantiate these allegations, they have not done so. Summary judgment on this claim is thus warranted.

*See* LRCiv 7.2(i) (failure to timely "file the required answering memoranda. . . may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily"); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (trial court may *sua sponte* dismiss for failure to state a claim without notice or an opportunity to respond where "the plaintiffs cannot possibly win relief").

Plaintiffs raise four additional allegations under Count XV, but none of those allegations relate to Ms. Thomas or Grossman & Grossman, Ltd. (Doc. 105 at ¶ 319, 320, 321, 322). Although Plaintiffs' SAC may contain legal conclusions, none of these allegations suggest Plaintiffs were discriminated against based on race or some other protected class. Nor do Plaintiffs provide any evidence that an agreement existed between Ms. Thomas and the Blackburns to commit an unlawful act by depriving Plaintiffs of a reunification plan with their children. Again, Plaintiffs were provided the opportunity to address this contention and failed to respond. The Court therefore concludes that Plaintiff has not presented sufficient evidence for a reasonable jury to find a conspiracy as alleged. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see also Celotex Corp.*, 477 U.S. at 322–23 (holding that summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial"). Accordingly, Defendants are entitled to summary judgment as to Count XV.

**IV.    State Law Claims**

The SAC contains no other federal causes of action against the non-settling Defendants. The remaining claims against the non-settling Defendants are state law causes of action: Count VIII—intentional infliction of emotional distress; Count IX—medical malpractice; Count X—negligent hiring, training, supervision, and retention; and Count XIV—civil conspiracy under Arizona law. (Doc. 105). These state law causes of action fall under the Court's supplemental jurisdiction, which courts normally decline to exercise when the federal claims are dismissed before trial. 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Acri v. Varian Assocs., Inc.*, 114 F.3d

999, 1000 (9th Cir. 1997). The Court finds it appropriate to decline jurisdiction over the remaining claims, particularly because a focus of the arguments made in the pending summary judgment motions concern the state's immunity statute. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) ("When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over state law claims and dismiss them without prejudice."); *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985) ("Generally, dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed.").

However, to remand the state law claims that remain against Defendants Andrea Thomas, Grossman & Grossman, Ltd. and Heather de Soler at this juncture would be premature. Though the settling parties have notified the Court that their claims—including all remaining federal claims in this action—have been resolved, they have yet to file a stipulation to dismiss.[2] Accordingly, the Court will wait to remand Count VIII—intentional infliction of emotional distress; Count IX—medical malpractice; Count X—negligent hiring, training, supervision, and retention; and Count XIV—civil conspiracy under Arizona law against Defendants Andrea Thomas, Grossman & Grossman, LTD., Heather De Soler, and Dr. Heather de Soler, PLLC, until it receives the settling parties' stipulation to dismiss or status report.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Andrea Thomas and Grossman & Grossman, LTD's Motion for Summary Judgment (Doc. 162) is **granted** in part, as to Count XV. Finding no just reason to delay entry of judgment, the Clerk of Court shall enter judgment in favor of Defendants' Andrea Thomas and Grossman & Grossman, LTD as to Count XV pursuant to Federal Rule of Civil Procedure 54(b).

**IT IS FURTHER ORDERED** that the Clerk of Court shall reopen this action.

**IT IS FURTHER ORDERED** that the Court shall reserve its decision as to

---

[2] As noted, the settlement has been approved by the JLBC and is awaiting approval from a state probate court. The Court has set a deadline for the parties to file a stipulation to dismiss or joint status report with the Court by July 29, 2022. (Doc. 257).

- 7 -

remanding the state law claims until it receives the settling parties' stipulation to dismiss or status report.

**IT IS FINALLY ORDERED** that the Judgment entered on July 26, 2022 (Doc. 272) is **vacated** and the Clerk of Court is directed to enter an amended judgment as to Count XV in accordance with this Amended Order.

Dated this 27th day of July, 2022.

Honorable Diane J. Humetewa
United States District Judge